IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alexis Benson and Kevin Carberry, Sr. and/on behalf of K.J.C., <br><br> Plaintiffs, <br><br> v. <br><br> Lancaster County School District, Superintendent Johnathan Phipps, Lindsay Marino, Nicole Lee, the South Carolina Department of Education, Barbara Drayton, Kimberly Blackburn, Vernie Williams, David Duff, Meredith Seibert, Brian P. Murphy, Perry Zirkel, and Mitchell Yell, <br><br> Defendants. | Case No.: 0:23-cv-1488-SAL-SVH <br><br><br> **ORDER** |

Plaintiffs bring this action pro se on behalf of themselves and their minor child, K.J.C. (collectively, "Plaintiffs"), alleging violations of various sections of the Individuals with Disabilities Education Act ("IDEA"), Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA"), Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("Section 504"), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, Title VII of the Civil Rights Act of 1964, § 2000(e), *et. seq.*, the Religious Freedom Restoration Act ("RFRA"), negligence, defamation, and criminal acts including money laundering, racketeering, embezzlement, theft, and obstruction of justice. [ECF No. 1.] This matter is before the court for review of the May 31, 2023 Report and Recommendation of Magistrate Judge Shiva V. Hodges ("Report"), ECF No. 16, recommending that Plaintiffs' motions for leave to proceed in forma pauperis ("IFP") be denied. Plaintiffs object to the Report. For the reasons that follow, the court adopts the Report and denies the motions to proceed IFP.

1

## BACKGROUND

On April 12, 2023, Plaintiff Benson filed a complaint and a motion for leave to proceed IFP. [ECF Nos. 1, 2.] In a proper form order, the magistrate judge declined to rule on the IFP motion because Plaintiff Carberry "ha[d] neither paid the filing fee nor filed a motion to proceed IFP." [ECF No. 7.] On May 30, 2023, Plaintiff Benson and Plaintiff Carberry filed separate IFP motions. [ECF Nos. 11, 12.]

In her motion, Plaintiff Benson states that her gross pay or wages are $0 and that she has no other income sources. [ECF No. 11 at 1.] She indicates she has no money in her checking or savings account but claims she has "2 vehicles paid." *Id.* at 2. Plaintiff Benson lists the following monthly expenses: "Mortgage 1700[,] Utilities 600[,] Phone and internet 400[, and] Food gas and misc 1,000[.]" *Id.* Plaintiff Benson's motion identifies a nine-year-old daughter and eleven-year-old son as "all persons who are dependent on [Plaintiff Benson] for support," but she does not state how much she contributes to their support. *Id.*

In his motion, Plaintiff Carberry indicates his gross pay or wages are $1,500 and that his take-home pay or wages are $1,100 twice monthly. [ECF No. 12 at 1.] He identifies no other income source in the last twelve months. *Id.* He states he has "approx. 2,000.K" in his checking or savings account and claims he owns a Toyota Camry worth "5k." *Id.* at 2. Plaintiff Carberry lists his expenses as: "Housing $1,700[,] Utilities $400[,] Car gas $300[,] Food $1,500[,] Misc + clothes $500[,] Cell $175[,] Internet $150[,] Kids Hobbies/Sports $300[,] Family YMCA $100[,] Aftercare $300[,] Medical $350+[.]" *Id.* Plaintiff Carberry lists three individuals, who are all "100%" dependent on him for his support, including his ex-wife who "represents [his] son full time pro se." *Id.* Plaintiff Carberry states he has "Credit Card Debt between 5-10k approx. $250 in monthly payments." *Id.*

The magistrate judge recommends the court deny Plaintiffs' IFP motions. In the Report, the magistrate judge identifies "several ambiguities and discrepancies between Ms. Benson's and Mr. Carberry's representations of their financial conditions." [ECF No. 16 at 6.] The magistrate judge further reasons that, based on the information provided by Plaintiffs, "it does not appear that Plaintiffs would be rendered destitute by paying the filing fee of $402 (including a $52 administrative fee), nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiffs' access to the courts." *Id.* at 6–7.

Plaintiffs' object to the Report. [ECF No. 18.] Their objections are addressed in detail below.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the*

*Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life & Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

Because Plaintiffs are proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiffs to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

Having reviewed the Report and the other submissions in this case, the court adopts and incorporates by reference the Report's recitation of the facts and applicable law. It is sufficient to state here that a plaintiff need not "be absolutely destitute" to qualify as indigent under 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). That is, IFP status is available to a person who proves that, because of poverty, she cannot pay the court costs and still be able to provide for herself or her dependents' necessities. *Id.* This court has discretion to grant or deny the IFP motion. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (1980).

The court agrees with the magistrate judge that the IFP motions should be denied in this case. The Report aptly points out ambiguities and discrepancies in the representations made by the Plaintiffs regarding their financial conditions. [ECF No. 16 at 6.] The Report further reasons that the Plaintiffs would not be rendered destitute by paying the filing fee in this case, nor would requiring them to pay the filing fee impose an undue hardship or effectively block their access to the courts. *Id.* at 6–7.

In their objections, Plaintiffs state as follows:

> The plaintiffs have been truthful, to the best of their knowledge of current financial information and can prove with documents, bank statements, emails, pay stubs and evidence that it is truthful. Magistrate [Judge] Hodges states that after review of the information before the court reveals [sic] several ambiguities and discrepancies in Ms. Benson's and Mr. Carberry's representations of their financial conditions. This is FALSE and a means of continued Obstruct Justice for a child with a disability which is retaliation under ADA and will not be tolerated.

[ECF No. 18 at 2.] Plaintiffs further request a hearing to review their finances. *Id.*

Based on their objections, Plaintiffs disagree with the magistrate judge's conclusion, but they make no effort to address the specific issues identified in the Report. For instance, Plaintiffs do not address that other submissions to the court indicate Plaintiff Benson "is a self-employed business owner." *See* ECF No. 16 at 6 n.2. Nor do they address information provided in the IFP motion that Plaintiff Benson owns two "paid" for vehicles (of undisclosed value) and that she has a mortgage but does not list her home as an asset. *See id.* at 6. Plaintiffs offer only that the Report is "FALSE." Plaintiffs' conclusory arguments are not helpful to the courts' analysis. Nevertheless, the magistrate judge did not recommend denying Plaintiffs' IFP motions because they were untrue. *See* 28 U.S.C. § 1915 (e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, this court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue . . . ."). Instead, the magistrate judge relied upon the

truth of Plainitffs' submissions in recommending the motions be denied because Plaintiffs are not indigent. *See* ECF No. 16 at 6–7. While Plaintiffs argue additional documentation or a hearing could demonstrate their indigent status, they fail to articulate what they can present that has not already been provided to the court in their affidavits. The court agrees with the magistrate judge's reasoning, and Plaintiffs fail to offer any basis for modifying or rejecting that reasoning. Their objections are thus overruled.

Plaintiffs further assert "[b]ecause of the continued lack of ethics of this court and the defendants, Plaintiffs demand the Public Officer Insurance Bond as well as a certified copy of the oath of office for" the undersigned judge, the magistrate judge assigned to this case, and various named Defendants in this action. This assertion is irrelevant to the issue before the court, which is the determination of Plaintiffs' status. To the extent it can be read as an objection to the Report, it is overruled.[1]

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court **ADOPTS** the Report. [ECF No. 16.] For the reasons discussed above and in the Report, the court also **DENIES** Plaintiffs' motions for leave to proceed in forma pauperis. [ECF Nos. 2, 11, 12.] Plaintiffs are granted 14 days from the date of this order to submit the required filing fee.

**IT IS SO ORDERED.**

November 13, 2023  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[1] This court is not subject to the statute Plaintiffs rely upon. *See* S.C. Code Ann. § 8-3-210. Nor is Plaintiffs' objections the appropriate vehicle for making this demand.