IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Alexis Benson and Kevin Carberry, Sr. and/on behalf of K.J.C., | Case No. 0:23-cv-1488-JDA |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| Lancaster County School District; Superintendent Johnathan Phipps; Lindsay Marino; Nicole Lee; the South Carolina Department of Education; Barbara Drayton; Kimberly Blackburn; Vernie Williams; David Duff; Meredith Seibert; Brian P. Murphy; Perry Zirkel; Mitchell Yell, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' motion for leave to amend/correct the Amended Complaint [Doc. 22] and on a Report and Recommendation ("Report") of the Magistrate Judge [Doc. 23]. Plaintiffs are proceeding pro se on behalf of themselves and their minor child, K.J.C. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On December 13, 2023, the Magistrate Judge issued a Report recommending that the motion for leave to amend/correct the Amended Complaint be denied and the case be dismissed without prejudice. [Doc. 23.] The Magistrate Judge advised Plaintiffs of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. On January 8, 2024, Plaintiffs filed objections to the Report. [Doc. 26.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this Court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

**DISCUSSION**

On November 13, 2023, the Court ordered Plaintiffs to submit the filing fee required to bring the action. [Doc. 20.] Instead of submitting the required filing fee, Plaintiffs filed a motion to amend the Amended Complaint. [Doc. 22.] The Magistrate Judge therefore recommends denying the motion for leave to amend and dismissing the action for lack of

prosecution because Plaintiffs have failed to comply with the Court's Order, despite having been warned that the case may be dismissed for failure to prosecute or failure to comply with a court order.  [Doc. 23.]  In their objections, Plaintiffs generally object to the Report and oppose dismissal, citing statutes and case law related to their causes of action.  [Doc. 26 at 1–5.]   Plaintiffs additionally argue that Rule 15 of the Federal Rule of Civil Procedure states that the complaint can be amended at any time up to 21 days after the summons is served, and the summons in this case has not yet been served.  [*Id*. at 6.]  Nowhere in their objections do Plaintiffs address the required filing fee.  Nor have Plaintiffs ever paid the filing fee they were ordered to pay to continue with this case.

The Court concludes that Plaintiffs' objections, liberally construed, fail to address the Report's recommendations.  Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law.  The Court concludes that Plaintiffs have failed to prosecute this case and have failed to comply with an Order of this Court, and thus the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, the motion for leave to amend/correct the Amended Complaint [Doc. 22] is DENIED and the case is DISMISSED without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 12, 2024
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

3

0:23-cv-01488-JDA     Date Filed 03/12/24     Entry Number 32     Page 4 of 4

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

0:23-cv-01488-JDA     Date Filed 03/12/24     Entry Number 32     Page 4 of 4